IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDRES MALDONADO SR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 17-1129-JWL |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act. Finding no error as alleged by Plaintiff in the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I.      Background**

On December 15, 2015, Plaintiff applied for DIB. (R. 192). His application was denied initially on February 22, 2016, and he exhausted administrative proceedings before the Commissioner. (R. 1, 16, 84, 98). Plaintiff now seeks judicial review of the Commissioner's final decision denying benefits. (Doc. 1). He argues that although the

ALJ afforded substantial weight to the state agency psychologists' opinions, he did not include a limitation corresponding to their opinion regarding his inability to work in proximity to others. (Pl. Br. 9) (citing R. 95, 111). He argues that therein the ALJ erred by failing to include the limitation or explain the inconsistency. Id.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's]

2

decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's decision.

## II.     Discussion and Analysis

Plaintiff points out that the state agency psychologists, Dr. Wilkinson and Dr. Cohen, opined that he "is vulnerable to becoming anxious or distracted working in proximity to others and likely will need accommodations." (Pl. Br. 9) (quoting R. 95, 111). He argues that the ALJ failed "to include the limitation for working in proximity to others" in his assessment of Plaintiff's RFC, but that the record evidence supports the limitation. Id. at 13. He argues this is so because he "explained that being around too many people caused anxiety, … that he was not comfortable in crowded places anymore and that group sessions or therapies made him feel 'very anxious.'" Id. (citing R. 49, and quoting R. 307). Plaintiff points to the vocational expert testimony "that if a person would be off task more than 15% of the day due to anxiety from being in proximity to others, there would be no jobs available." Id. at 14 (citing R. 59-60). He argues that "[t]he ALJ's limitation to the amount of interaction with others is insufficient to cover a limitation to [Mr.] Maldonado's ability to work in proximity to others and the ALJ should have clarified this inconsistency." Id.

The Commissioner argues that the ALJ's failure to include a specific limitation on working in proximity to others does not require remand. (Comm'r Br. 4). She argues that reading the state agency consultants' opinions as a whole reveals that despite vulnerability to anxiety or distraction while working in proximity to others they opined that Plaintiff would be able to work with only one limitation in social interaction—occasional interaction. Id. She points out that the state agency consultants' comment regarding anxiety or distraction from working in proximity to others did not specify a particular degree of limitation, and did not say that Plaintiff would be off task 15% of a workday as Plaintiff suggests based on his questioning of the vocational expert. Id. at 5. And she argues that Plaintiff cites no authority equating the consultants' comment to an opinion that Plaintiff would be off task for 15% of a workday. Id. And, she argues that the record evidence does not support such a limitation. Id. at 5-7.

In his Reply Brief, Plaintiff argues that the Commissioner's concern about lack of a specific functional limitation in the consultants' comment is no more than an impermissible post hoc rationalization, and if the ALJ found a lack of specificity in the opinion he should have addressed and resolved the issue. (Reply 1-2). He argues that since the vocational expert testified that there are no jobs available to an individual who is off task 15% of a workday, it was the ALJ's duty to address that limitation and determine whether the consultants' opinion reached that threshold and explain why he did not accept it. Id. at 2-3. He concludes once again that "[t]he ALJ's limitation to the amount of interaction with others was inadequate to cover a limitation in [Mr.] Maldonado's ability to work in proximity to others." Id. at 4.

Plaintiff is correct that it is an ALJ's duty to explain why he did not adopt a medical opinion which conflicts with the RFC he assessed. Social Security Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2017). Moreover, he must explain how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. at 149. The problem with Plaintiff's argument is that he has not shown that the opinion of the state agency psychological consultants conflicts with the RFC assessed by the ALJ, nor has he shown that there is any ambiguity or material inconsistency in the evidence in that regard that needed to be considered and resolved.

As Plaintiff argues, Dr. Wilkinson and Dr. Cohen stated their opinion:

Understanding and Memory: The claimant is able to understand and remember a two-step command involving simple instructions.

Sustained Concentration and Persistence: Clmt [sic] is vulnerable to becoming anxious or distracted working in proximity to others and likely will need accommodations. Concentration is adequate for routine tasks with conventional work breaks. Would do better at a job involving repetitive tasks that do not require procedural decisions. Able to carry out simple, 1 to 2 step instructions. Can sustain simple, routine tasks and complete a normal work week from a psychological perspective.

Social Interaction: Claimant is able to relate to public, supervisor and co-workers on an occasional (less than 1/3 of an 8 hour day) basis.

(Pl. Br. 9) (quoting R. 95, 111). And the ALJ found that Plaintiff has the mental RFC for "simple, routine[,] repetitive tasks (secondary to mental conditions, reported chronic pain and headaches), with occasional interaction with co-workers and occasional interaction with the general public. He can accept supervision on a basic level." (R. 20) (bolding omitted). In discussing and explaining his RFC assessment, the ALJ noted that on June 10, 2016 Plaintiff reported "[h]e could still be panicky in large crowds" (R. 23), and that

"[m]ental health treatment has been effective in reducing symptoms and enhancing functioning. Id. (citing Drs. Wilkinson's and Dr. Cohen's opinions).

The decision reveals that the ALJ accommodated Plaintiff's potential problems with persistence and concentration due to working in proximity to others by restricting him to simple, routine, repetitive tasks, and accommodated his limitations in social interaction by restricting him to only occasional interaction with co-workers or the general public and to supervision only on a basic level. Although Plaintiff argues that a limitation in interaction with others is insufficient to accommodate his alleged inability to work in proximity to others, he ignores that the mental limitations assessed together will tend to accommodate both his problems with social interaction and his problems working in proximity to others.

Plaintiff interprets the consultants' recognition of a vulnerability and need for accommodation when working in proximity to others as essentially an inability to work in proximity to others, but that is not the only reasonable interpretation of that opinion. The question in judicial review of a decision of the Commissioner is whether the record evidence supports the Commissioner's (in this case the ALJ's) view of the evidence, not whether a plaintiff can present a view which is also supported by the evidence. Plaintiff must demonstrate the error in the ALJ's rationale or finding; the mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two

7

fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (same).

Plaintiff has not shown error in the ALJ's view of the opinions. He points to the vocational expert's testimony "that if a person would be off task more than 15% of the day due to anxiety from being in proximity to others, there would be no jobs available." (Pl. Br. 14) (citing R. 59-60). Plaintiff is correct as to the effect of the expert's testimony, but the expert actually testified that being off task 15% of the workday, is "pretty much the maximum tolerance." (R. 59). Moreover, the expert's testimony was in response to a question by Plaintiff's counsel asking if an individual who "would be off task 15 percent of the work day due to their anxiety of being just in proximity of [sic] others would that eliminate these jobs and other jobs?" Id. Yet, Plaintiff cites no evidence establishing that his vulnerability or need for accommodation as opined by the consultants equates to being off task more than 15% percent of the workday—or even 15% of the workday. And the court finds none.

Plaintiff points to his testimony that being around too many people caused anxiety, that he was not comfortable in crowded places, and that group sessions or therapies made him feel very anxious. But, he does not establish that the jobs of which the ALJ found him capable involve many people, crowded places, or group activities. In fact, the ALJ found that he may only occasionally interact with other people.

8

Plaintiff argues that because the vocational expert provided such testimony in response to counsel's questioning, the ALJ had a duty to resolve this "ambiguity." However, there is simply no ambiguity here.  As noted above, there is no record evidence suggesting that the vulnerability and accommodation opined by the state agency psychological consultants would cause Plaintiff to be off task for any period approaching 15% of the workday.  Moreover, there is no evidence suggesting that the vulnerability is not accommodated by the limitations assessed by the ALJ.  Plaintiff may not produce an ambiguity by manufacturing a limitation with no evidentiary basis, and presenting it in the form of a hypothetical question to the vocational expert.

Plaintiff has shown no error in the decision at issue.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated March 28, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**